IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.,

    Plaintiffs,

vs.

BUZZFEED, INC. AND BEN SMITH,

    Defendants.
_____/

## DEFENDANTS' NOTICE OF REMOVAL

    Defendants BuzzFeed, Inc. ("BuzzFeed") and Ben Smith ("Smith," and collectively "Defendants") submit this Notice of Removal under 28 U.S.C. § 1446 because the parties are citizens of different states and of foreign states, and the damages sought exceed $75,000.00. In support, Defendants state:

    1.    28 U.S.C. § 1441(a) provides in relevant part that any action over which this Court has original jurisdiction may be removed by the defendant to the appropriate district court of the United States.

    2.    28 U.S.C. § 1332(a)(3) provides that district courts shall have original jurisdiction where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of a state and citizens of different states with citizens or subjects of foreign states as additional parties. Section 1332(c)(1) further provides that a corporation shall be deemed a citizen of any U.S. and foreign state by which it is incorporated and of the U.S. or foreign state where it has its principal place of business.

3. Plaintiffs Aleksej Gubarev ("Gubarev"), XBT Holding S.A. ("XBT"), and Webzilla, Inc. ("Webzilla", and collectively "Plaintiffs") instituted this action in the Seventeenth Judicial Circuit Court in and for Broward County, Florida on February 3, 2017, asserting a claim for defamation and defamation per se arising out of Defendants' publication of a January 10, 2017 article entitled *These Reports Allege Trump Has Deep Ties to Russia* (the "Article").

4. Attached as **Exhibit A** is a true and correct copies of the complaint in this action. Defendants were served with the summons and complaint on February 8, 2017. Removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

5. This court has jurisdiction over this matter under 28 U.S.C. § 1332(a)(3) because the case is between citizens of different states with citizens of foreign states as additional parties, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6. Plaintiff Gubarev is a citizen of Russia, who pleads in the Complaint that he lives in the Republic of Cyprus. Compl. ¶ 6. Gubarev was born in Ust-Ilinmsk, Irkutsk Oblast, Russia. *See* Speaker Biography from Best Invest Cyprus Conference (attached as **Exhibit B**); *see, e.g.,* Eli Rosenberg, *Russian Executive Sues BuzzFeed Over Unverified Trump Dossier*, N.Y. Times, Feb. 4, 2017 (attached as **Exhibit C**); Lukas I. Alpert, *Russian Tech Executive Files Lawsuit Against BuzzFeed Over Dossier*, Wall Street Journal, Feb. 3, 2017 (attached as **Exhibit D**); Kevin G. Hall and Tim Johnson, *Russian tech expert named in Trump report says US intelligence never contacted him*, McClatchy DC, Jan. 11, 2017 (attached as **Exhibit E**).

7. Plaintiff XBT alleges that it is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the Grand Duchy of Luxembourg. *See* Compl. at ¶ 7. According to XBT's website, a true and correct copy of

which is attached as **Exhibit F**, its principal place of business is also in Luxembourg. XBT is therefore a citizen of Luxembourg for purposes of 28 U.S.C. § 1332.

8. Plaintiff Webzilla alleges that it is, and was at the time of the institution of this civil action, a corporation organized and existing under by virtue of the laws of the state of Florida. Compl. ¶ 8. According to the State of Florida's Division of Corporations' website, a true and correct copy of which is attached as **Exhibit G**, Webzilla's principal place of business is in Texas. *See also* Compl. at ¶ 8. It is therefore a citizen of Florida and Texas for purposes of 28 U.S.C. § 1332.

9. Defendant BuzzFeed is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the state of Delaware, *see* Compl. at ¶ 9, with its principal place of business in the state of New York. BuzzFeed is therefore a citizen of Delaware and New York, for purposes of 28 U.S.C. § 1332.

10. Defendant Smith is, and was at the time of institution of this civil action, a United States citizen domiciled in the state of New York. *See* Compl. at ¶ 10. It is well settled that for purposes of 28 U.S.C. § 1332, a United States citizen is for diversity purposes considered a citizen of the state where that person is domiciled – that is, "the place of his true, fixed and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt,* 293 F.3d 1254, 1257-58 (11th Cir. 2002) (citing *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)). Smith is therefore a citizen of New York for purposes of 28 U.S.C. § 1332.

11. This action is accordingly between citizens of different U.S. states (Plaintiff Webzilla, a citizen of Florida and Texas, and Defendants, citizens of New York and also in BuzzFeed's case Delaware), and includes as additional parties citizens of foreign states

(Plaintiffs Gubarev and XBT). *See Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242 (11th Cir. 2005).

12. Regarding damages, Plaintiffs' Complaint alleges only that this matter exceeds the state circuit court's minimum jurisdictional amount of $15,000.00. Compl. Prayer for Relief ¶ 1. However, a plaintiff "cannot avoid removal by declining to allege the jurisdictional amount." *Angrignon v. KLI, Inc.,* 2009 WL 506954, at * 3 (S.D. Fla. Feb 27, 2009).

13. Rather, where the complaint does not allege a specific amount of damages sought, the Notice of Removal must plausibly allege that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). "[T]he pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (emphasis in original) (citation omitted).

14. Here, there is no dispute that the amount in controversy exceeds $75,000.00. In fact, Plaintiffs' counsel stated in a February 7, 2017 television interview (the "February 7 Interview") that "our damages as of now are in the millions if not tens of millions…We have credit lines that banks refuse to give us in the millions of dollars, we have clients that refuse to do business with us, we have prospective employees that we wanted to hire that refuse to be hired by us."

15. Plaintiff's counsel's representation that the matter in controversy here exceeds $75,000.00 comports with common sense. Plaintiffs are suing a major international media organization for compensatory and potentially punitive damages over a news report that the Complaint alleges was viewed more than 5.9 million times, *see* Compl. ¶ 23, and they have retained two law firms to litigate the case. Plaintiffs' counsel has also represented in the

February 7 Interview that the corporate Plaintiffs are collectively worth approximately $250 million.  Ex. H.

16. Based on the foregoing, this case meets the amount-in-controversy requirement for this Court's jurisdiction set out in 28 U.S.C. § 1332(a).

17. This case is being removed to the United States District Court for the Southern District of Florida because this district encompasses the state court from which this case is being removed, that being the Seventeenth Judicial Circuit Court in and for Broward County, Florida. *See* 28 U.S.C. § 89(c).

18. Written notice of the filing of this Notice of Removal will be provided to plaintiff pursuant to 28 U.S.C. § 1446(d).  A true and correct copy of the Notice of Filing Notice of Removal is attached as **Exhibit H**.  A duplicate copy of this Notice of Removal will be filed with the Clerk of the Broward County Circuit Court, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, the Defendants, desiring to remove this case to the United States District Court for the Southern District of Florida, requests that the filing of this Notice of Removal with this Court and the filing the Notice of Removal with the Clerk of the Seventeenth Judicial Circuit Court in and for Broward County, Florida shall effect the removal of this case.

Dated: February 28, 2017            Respectfully submitted,

>                                   LEVINE KELLOGG LEHMAN
>                                   SCHNEIDER + GROSSMAN LLP
>                                   201 S. Biscayne Blvd., 22nd Floor
>                                   Miami, Florida  33131-4301
>                                   (305) 403-8788 Main
>                                   (305) 403-8789 Facsimile
>
>                                   By: /s/ Lawrence A. Kellogg, P.A.
>                                       LAWRENCE A. KELLOGG, P.A.
>                                       Florida Bar No. 328601
>                                       E-Mail: lak@lklsg.com
>                                       Secondary Email: cod@lklsg.com

         JEZABEL P. LIMA, ESQ.
         Florida Bar No. 519431
         E-Mail: jl@lklsg.com
         Secondary Email: kh@lklsg.com

           and

Katherine M. Bolger
(*pro hac vice forthcoming*)
Nathan Siegel
(*pro hac vice forthcoming*)
Adam Lazier
(*pro hac vice forthcoming*)
LEVINE SULLIVAN KOCH & SCHULZ LLP
321 West 44th Street, Suite 1000
New York, NY 10036
(212) 850-6100

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 28, 2017, the foregoing was filed with the Court's CM/ECF Service, and provided by email to counsel of record:

Brady J. Cobb, Esquire
Dylan M. Fulop, Esquire
COBB EDDY, PLLC
*Local Counsel for Plaintiffs*
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: (954) 527-4111
Facsimile: (954) 900-5507
bcobb@cobbeddy.com
dfulop@cobbeddy.com

Valentin D. Gurvits, Esquire
BOSTON LAW GROUP, PC
*Lead Counsel for Plaintiffs*
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Tel: (617) 928-1804
Fax: (617) 928-1802
vgurvits@bostonlawgroup.com

By: */s/ Lawrence A. Kellogg, P.A.*
LAWRENCE A. KELLOGG, P.A.